UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAY A. GREEK,<br><br>              Plaintiff,<br><br>         v.<br><br>COMMISSIONER OF THE INTERNAL REVENUE,<br><br>              Defendant. | No. 2:20-cv-00278-KJM-KJN PS<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS BUT WITH LEAVE TO AMEND<br><br>(ECF No. 10) |

Presently before the court is defendant's motion to dismiss plaintiff's complaint. (ECF No. 10.) Plaintiff filed an opposition. (ECF No. 13.) At the hearing on defendant's motion, plaintiff, who represents himself pro se in this matter, appeared and defendant appeared by counsel, Nithya Senra and Isaac Hoening. For the reasons discussed below, defendant's motion to dismiss is GRANTED, but plaintiff is permitted leave to file an amended complaint.

I. **BACKGROUND**

The factual allegations contained in plaintiff's complaint are difficult to decipher, but plaintiff generally alleges the following. Plaintiff challenged the IRS's request to have him file taxes for the years 2014 through 2017. (ECF No. 1 at 2.) The IRS garnished plaintiff's paycheck (presumably due to taxes owed from 2014-2017). (Id.) Plaintiff allegedly never received a notice of deficiency or a notice of determination regarding the amounts owed. (ECF No. 1 at 3.)

1

1  Plaintiff filed an administrative appeal, but did not attach the same, which was allegedly
2  favorable to him.  (See ECF No. 1 at 2 (noting he received an administrative determination, which
3  stated "the garnishments of his checks would stop within 30 days and he has the letter").)
4  Presumably these garnishments did not stop.  Plaintiff prays the court review the IRS's findings
5  and terminate the present garnishment.  (ECF No. 1 at 8.)  Similarly, in his opposition, plaintiff
6  states he will dismiss the present action if the United States "certify[ies] that they have removed
7  or will remove . . . the offending reports and information."  (ECF No. 13 at 3.)

8        Plaintiff's argument, explained more fully in his opposition to defendant's motion to
9  dismiss, appears to be that because he never signed a contract with the United States, the
10 Government has no authority to impose or collect taxes from him.  (ECF No. 13 at 3 (plaintiff
11 would require the "strictest proofs of a contract"); 5 (defendant is unable to prove it "[is] a holder-
12 in-due course of any contract" between it and plaintiff); ECF No. 1 at 6 (plaintiff "is not
13 mentioned by name or in express or expressly implied contract").)  Plaintiff also argues his
14 method of accounting was incorrectly rejected by the IRS (ECF No. 1 at 1 (stating his "self-
15 assessment tall[ies] to not only zero" but perhaps below zero)), and that the Government violated
16 the Privacy Act, presumably due to listing plaintiff as a delinquent taxpayer.  (See ECF No. 1 at
17 7.)

18       Plaintiff filed the present action on February 6, 2020, and the United States filed a timely
19 motion to dismiss, which is presently before the court.

20 II.  **LEGAL STANDARD**

21       A motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) or 12(h)(3)
22 challenges the court's subject matter jurisdiction.  Federal district courts are courts of limited
23 jurisdiction that "may not grant relief absent a constitutional or valid statutory grant of
24 jurisdiction," and "[a] federal court is presumed to lack jurisdiction in a particular case unless the
25 contrary affirmatively appears."  A–Z Int'l v. Phillips, 323 F.3d 1141, 1145 (9th Cir.2003)
26 (citations and quotation marks omitted); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines
27 at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").
28 When a party brings a facial attack to subject matter jurisdiction, that party contends that the

allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In a Rule 12(b)(1) motion of this type, the plaintiff is entitled to safeguards similar to those applicable when a Rule 12(b)(6) motion is made. See Sea Vessel Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994); Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990). The factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003); Miranda v. Reno, 238 F.3d 1156, 1157 n.1 (9th Cir. 2001). Nonetheless, district courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" when resolving a facial attack. Safe Air for Everyone, 373 F.3d at 1039.

"Sovereign immunity is an important limitation on the subject matter jurisdiction of federal courts. The United States, as sovereign, can only be sued to the extent it has waived its sovereign immunity. The Supreme Court has frequently held that a waiver of sovereign immunity is to be strictly construed, in terms of its scope, in favor of the sovereign." Vacek v. United States Postal Serv., 447 F.3d 1248, 1250 (9th Cir. 2006) (internal citations and punctuation marks omitted). "The bar of sovereign immunity cannot be avoided merely by naming officers and employees of the United States as defendants." Hutchinson v. United States, 677 F.2d 1322, 1327 (9th Cir. 1982).

III.  **DISCUSSION**

The Government raises multiple arguments for dismissal and, in the alternative, requests that plaintiff file a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). As outlined below, defendant's motion is GRANTED. However, plaintiff is granted leave to file an amended complaint.

A.  *Improperly named defendant*

As an initial matter, the United States should be the sole defendant in this tax-dispute action. The IRS is a federal agency within the federal government, which cannot be sued except as authorized by Congress. Blackmar v. Guerre, 342 U.S. 512, 514 (1952). Where taxpayers are

authorized to sue regarding matters related to the IRS, the United States is generally the proper party defendant. Devries v. I.R.S., 359 F. Supp. 2d 988, 991 (E.D. Cal. 2005). While plaintiff disputes this point, he offers no authority contrary to this general rule. Accordingly, the Commissioner of the Internal Revenue is dismissed from this case and the United States is substituted as the sole defendant in this action.

      B.    *Deficiency and determination notices should be before the Tax Court*

The heart of plaintiff's complaint appears to be concerning issues that should be before the United States Tax Court,[1] as he is attempting to challenge a tax deficiency notice. Plaintiff has two options to challenge an alleged deficiency: (a) filing a petition in the Tax Court challenging the deficiency pursuant to 26 U.S.C. § 6213; or (b) paying the tax, applying for a refund credit, and, if the refund is not allowed, suing in a federal district court for recovery of the alleged overpayment. Boyton v. United States, 566 F.2d 50, 52-53 (9th Cir. 1977); accord Byers v. Comm'r, 740 F.3d 668, 671 (D.C. Cir. 2014)

Regarding the first option, while the Tax Court has jurisdiction to review notices of deficiency and notices of determination, see 26 U.S.C. § 6213(a), and while federal courts of appeals have jurisdiction to review Tax Court decisions, 26 U.S.C. § 7482, there is no cause of action allowing a taxpayer to directly challenge a notice of deficiency or notice of determination in federal district court. Plaintiff's sole statement about filing suit with the Tax Court is that the "IRS is exploiting loopholes to prevent review by the tax court." (ECF No. 1 at 6.) This allegation is clearly insufficient. There is no indication that plaintiff filed anything with the Tax Court or that plaintiff has met the filing deadlines for initiating such a claim, see 26 U.S.C. § 6213(a), and even if he did meet these requirements this court would not be the proper venue for such an appeal, see 26 U.S.C. § 7482. Accordingly, this court does not have jurisdiction to hear plaintiff's claim challenging the deficiency notice.

      C.    *Plaintiff cannot proceed on a claim for a tax refund*

To the extent plaintiff is seeking a refund, the second option above, this court does not

---

[1] The court explicitly does not find or hold that plaintiff has met the timing or jurisdictional requirements to be before the Tax Court based on his present claim.

have jurisdiction, as plaintiff has failed to plead that he has paid the tax assessments at issue.  In fact, it appears that plaintiff's complaint asserts the exact opposite.

A taxpayer must pay the full amount of an income tax deficiency before he or she may challenge its correctness by filing suit for a refund.  Flora v. United States, 357 U.S. 63, 78 (1958); Ryskamp v. Comm'r, 797 F.3d 1142, 1151 (D.C. Cir. 2015).  Unless a plaintiff complies with this condition precedent, the district court does not have jurisdiction to hear the case.  Id.

Plaintiff appears to concede that he has not paid the assessment by noting that he believes his assessments should be zero dollars and that he still owes $87,255.76.  (See ECF No. 1 at 1.)  It is obvious from plaintiff's complaint, therefore, that plaintiff has not paid the tax deficiencies at issue.  Thus, the court lacks subject matter jurisdiction regarding plaintiff's claim to the extent he alleges that he is entitled to a refund.

####    D.    *Plaintiff cannot seek damages*

To the extent plaintiff is seeking damages, he has not satisfied the jurisdictional prerequisite of exhausting administrative remedies.  Although Section 7433 provides for a waiver of sovereign immunity in some circumstances, the court must first determine that a taxpayer "exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service."  26 U.S.C. § 7433(d)(1); Conforte v. United States, 979 F.2d 1375, 1377 (9th Cir. 1993).  The Ninth Circuit has reaffirmed the principle that under Section 7433 a plaintiff must "allege facts sufficient to show that he pursued an administrative claim before filing his action."  Joseph v. United States, 517 F. App'x 543 (9th Cir. 2013).

Plaintiff's conclusory statement that he filed an administrative complaint "to the point of exhaustion" and letters attached to his complaint that he allegedly sent to the IRS do not cure this deficiency.  Accordingly, to the extent plaintiff is alleging damages premised on Section 7433, plaintiff's complaint fails to contain sufficient facts to give this court jurisdiction.

####    E.    *Anti-Injunction Act*

Plaintiff's complaint is also barred to the extent he is seeking an injunction to prevent the IRS from collecting the taxes allegedly owed.  The Anti-Injunction act states that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by

any person." 26 U.S.C. § 7421(a). The Act exists to "permit the United States to assess and collect taxes alleged to be due without judicial intervention." Enochs v. Williams Packing & Nav. Co., 370 U.S. 1, 7 (1962). While there are numerous exceptions to the Act, see 26 U.S.C. § 7421(a), none apply to the facts contained in plaintiff's complaint, and plaintiff does not direct the court to any exception in his opposition. Thus, plaintiff's request to enjoin the United States cannot proceed.

        G.     *Privacy Act*

Plaintiff's passing reference to the Privacy Act[2] similarly does not provide this court with jurisdiction. The Privacy Act does not apply to determinations of potential tax liabilities. See England v. Comm'r, 798 F.2d 350, 352 (9th Cir. 1986) (holding that a district court properly dismissed a claim that was premised on the Privacy Act because the claim had "a direct relationship to the determination of . . . his tax liability" and was therefore precluded by 26 U.S.C. § 7852(e)). Plaintiff's claim under the Privacy Act accordingly fails.

IV.    **CONCLUSION**

For the reasons set forth above, plaintiff's complaint is dismissed. However, because it is unclear whether leave to amend would be futile at this stage, the court will allow plaintiff to file an amended complaint if he finds that he can do so in compliance with the authority cited above.[3]

////

////

////

////

////

////

---

[2] Plaintiff does not cite to a statute, but presumably he is referring to 5 U.S.C. § 552a.

[3] At the hearing on this matter, counsel for defendant informed the court that he would provide plaintiff with the contact information of someone who can inform plaintiff of how much he owes and for what reasons (i.e. back taxes, frivolous returns, etc.). Counsel also stated he could provide plaintiff with an account transcript for the relevant tax years. Counsel shall file a declaration with the court by August 13, 2020, attesting that this information has been provided.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss (ECF No. 10) is GRANTED.

2. Within 45 days from the date of this order plaintiff shall file an amended complaint; failure to file an amended complaint within that time will result in a recommendation of dismissal of this action.

3. Defendant shall file a declaration, as outlined above, by August 13, 2020.

IT IS SO ORDERED.

Dated: August 3, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

278.lta