UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAY A. GREEK,

           Plaintiff,

    v.

UNITED STATES,[1]

           Defendant.

No. 2:20-cv-00278-KJM-KJN PS

FINDINGS AND RECOMMENDATIONS
(ECF No. 22)

Presently before the court is defendant's motion to dismiss plaintiff's First Amended Complaint ("FAC").[2] (ECF No. 22.) Plaintiff filed an opposition, to which defendant has replied. (ECF Nos. 24, 27.) The matter was taken under submission pursuant to Local Rule 230(g). (ECF Nos. 23, 26.) For the following reasons, the undersigned recommends GRANTING defendant's motion and dismissing plaintiff's claims without leave to amend.

////

////

---

[1] As discussed in the Discussion section below, the United States remains the only proper defendant in this tax-collection dispute.

[2] Plaintiff is proceeding pro se, and this action is before the undersigned pursuant to Local Rule 302(c)(21).

1

I.      **BACKGROUND**

A.      *Factual Background*

The FAC largely replicates the factual allegations of the original complaint—which the court previously found difficult to decipher—with a handful of substantive additions.  As best the court can tell, plaintiff is challenging the IRS's determination that plaintiff owes some $87,000 in income taxes and the resulting liens and garnishment imposed.  (ECF No. 21 at 1-2, 4.)  The FAC again mentions IRS requests for plaintiff to file tax returns for tax years 2014-2017 (the only period mentioned in the original complaint) but newly contests the levy/lien and garnishment for years 2008-2012 without providing any details.  (Id. at 2.)  Much of the FAC appears to be premised on a perceived lack of responsiveness by the IRS to plaintiff's communications regarding his assessments over the years.  Specifically, plaintiff alleges that the IRS did not issue the proper notices or "preliminary things" before processing "the lien."  (Id. at 3.)  Plaintiff simultaneously alleges that he has not received a notice of deficiency or notice of determination regarding his tax liability (id. at 4, ¶ 12) and also states that the "Notice of Determination concerning collection effort" and "Notice of Deficiencies" were inaccurate and "wrong on all occasions" (id. at 8, ¶¶ 21-22).

For relief, plaintiff requests "de novo anew judicial review" of all IRS findings and decisions, termination of the present garnishment, and "remand to the agency to reconsider and address all matters that they have not properly considered or addressed."  (Id. at 10.)  Plaintiff also requests various forms of declaratory relief, including "determinations" that (1) his income is not taxable, (2) his "manner of self-assessment is viable and allowable," (3) the IRS violated the Privacy Act and the First Amendment by considering him a delinquent taxpayer not exempt from taxation, and (4) the garnishment was improper and excessive.  (Id. at 7-9.)

B.      *Procedural History*

Plaintiff filed the present action on February 6, 2020, and was granted leave to proceed in forma pauperis.  (ECF Nos. 1, 4.)  On August 4, 2020, after a hearing, the court granted defendant's motion to dismiss the original complaint while granting plaintiff leave to amend.  (ECF No. 18.)  The court explained that the original complaint failed to establish the court's

2

subject matter jurisdiction over any of the identifiable claims, because:  (1) plaintiff could not challenge notices of deficiency and notices of determination in this court; (2) nor could he seek a tax refund in this court without first paying the taxes owed; (3) plaintiff could not seek damages because he failed to exhaust his administrative remedies; (4) the Anti-Injunction Act barred any claims for injunctive relief; and (5) the Privacy Act did not provide jurisdiction in this case involving tax liabilities.  (Id. at 4-6.)

At the hearing on the motion, plaintiff expressed that he had been trying without success to determine what he owes to the IRS and why he owes it.  Defense counsel offered to provide plaintiff with an account transcript for the relevant tax years and contact information for someone who can explain the basis for his liabilities.  On August 7, 2020, defense counsel filed a declaration confirming that he had done so.  (ECF No. 19.)  Then, on August 14, 2020, defense counsel and an attorney with the IRS Office of Chief Counsel in Sacramento, California held a conference call with plaintiff during which they answered plaintiff's questions regarding his tax liabilities.  (ECF No. 22 at 11.)

On August 31, 2020, plaintiff filed the FAC.  (ECF No. 21.)  On September 14, 2020, the United States filed the instant motion to dismiss, renewing its arguments for dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (ECF No. 22.)

## II.   **LEGAL STANDARD**

A motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction.  Federal district courts are courts of limited jurisdiction that "may not grant relief absent a constitutional or valid statutory grant of jurisdiction," and "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."  A–Z Int'l v. Phillips, 323 F.3d 1141, 1145 (9th Cir.2003) (citations and quotation marks omitted); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

When a party brings a facial attack to subject matter jurisdiction, that party contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction.  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039

3

1   (9th Cir. 2004).  In a Rule 12(b)(1) motion of this type, the plaintiff is entitled to safeguards

2   similar to those applicable when a Rule 12(b)(6) motion is made.  See Sea Vessel Inc. v. Reyes,

3   23 F.3d 345, 347 (11th Cir. 1994); Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir.

4   1990).  The factual allegations of the complaint are presumed to be true, and the motion is granted

5   only if the plaintiff fails to allege an element necessary for subject matter jurisdiction.  Savage v.

6   Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003); Miranda v.

7   Reno, 238 F.3d 1156, 1157 n.1 (9th Cir. 2001).

8          By contrast, in a factual attack to subject matter jurisdiction, "the challenger disputes the

9   truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  Safe

10   Air for Everyone, 373 F.3d at 1039.  When resolving a factual attack, district courts "may review

11   evidence beyond the complaint without converting the motion to dismiss into a motion for

12   summary judgment."  Id.

13          "Sovereign immunity is an important limitation on the subject matter jurisdiction of

14   federal courts.  The United States, as sovereign, can only be sued to the extent it has waived its

15   sovereign immunity.  The Supreme Court has frequently held that a waiver of sovereign

16   immunity is to be strictly construed, in terms of its scope, in favor of the sovereign."  Vacek v.

17   United States Postal Serv., 447 F.3d 1248, 1250 (9th Cir. 2006) (internal citations and

18   punctuation marks omitted). "The bar of sovereign immunity cannot be avoided merely by

19   naming officers and employees of the United States as defendants."  Hutchinson v. United States,

20   677 F.2d 1322, 1327 (9th Cir. 1982).

21   **III**.      **DISCUSSION**

22          Because the FAC largely mirrors the original complaint, the same grounds for dismissal

23   apply.  The court revisits and clarifies each basis for dismissal in turn.

24          **A.      _The United States Is the Only Proper Defendant_**

25          Like the original complaint, the FAC again names as defendants the "Commissioner of the

26   Internal Revenue," the IRS, and the "Chief Records Systems Manager Over Return Accounts."

27   (ECF No. 21 at 1.)  As explained in the court's prior dismissal order (ECF No. 18 at 3-4), this tax-

28   dispute case can only proceed, if at all, against the United States.  Devries v. I.R.S., 359 F. Supp.

1  2d 988, 991-92 (E.D. Cal. 2005) (noting that Congress has not authorized suits against the IRS,

2  and holding that action arising out of a dispute over tax liability and relating to "actions taken by

3  the IRS and its employees to satisfy the asserted tax debt" may be maintained only against the

4  United States).  The United States therefore remains the sole defendant in this action.

5          **B.**      ***This Court Lacks Jurisdiction over Plaintiff's Tax Collection Claims***

6        The FAC does not address the previously identified substantive defects that prevent this

7  court from exercising jurisdiction over plaintiff's claims for relief from his tax liabilities.

8             1.      *Challenges to deficiency and determination notices*

9        There is no cause of action allowing a taxpayer to directly challenge a notice of deficiency

10  or notice of determination in federal district court.  Plaintiff has two *exclusive* options to

11  challenge an alleged deficiency: (1) filing a petition in the United States Tax Court challenging

12  the deficiency pursuant to 26 U.S.C. § 6213, or (2) paying the tax, applying for a refund credit,

13  and, if the refund is not allowed, suing in a federal district court for recovery of the alleged

14  overpayment.  Boyton v. United States, 566 F.2d 50, 52-53 (9th Cir. 1977); accord Byers v.

15  Comm'r, 740 F.3d 668, 671 (D.C. Cir. 2014).  The FAC, like the original complaint, is replete

16  with explanations for why the U.S. Tax Court has jurisdiction to review notices of deficiency—

17  but fails to adequately explain why this federal district court can hear this case.[3]  (See ECF No. 21

18  at 5-7.)  (Plaintiff's requests for general review of final agency actions are addressed below.)

19        Because this is not the U.S. Tax Court, the first option is of no avail to plaintiff.  To the

20  extent plaintiff might be seeking judicial review of a prior decision of the Tax Court, exclusive

21  jurisdiction for such an appeal lies with the federal courts of appeals—not this court.  See 26

22  U.S.C. § 7482(a).  Although plaintiff indicates that on some prior occasion, the Tax Court

23  dismissed his similar challenge for lack of jurisdiction (see ECF No. 24 at 5), that does not in

24  itself supply a basis for this court's jurisdiction over the present claims.  Plaintiff's conclusory

25  allegation that the "IRS is exploiting loopholes to prevent review by the tax court" (ECF No. 21

26

27        [3] Indeed, plaintiff addresses his opposition to the "Honorable U.S. Tax Court," despite seeming to understand that this is not the Tax Court.  (ECF No. 24 at 1 (bearing the caption "Before United

28  States District Court").).

1   at 7) remains clearly insufficient, as noted in the prior dismissal order (ECF No. 18 at 4).

2   Accordingly, the FAC does not establish this court's jurisdiction to hear plaintiff's claim

3   challenging the deficiency notice.

4                       2.   *Claim for a tax refund*

5           To the extent plaintiff is seeking a refund—the second option referenced above—this

6   court does not have jurisdiction, as there is no indication that plaintiff has paid the tax

7   assessments at issue.  In fact, the FAC is entirely premised on the exact opposite.

8           A taxpayer must pay the full amount of an income tax deficiency before he or she may

9   challenge its correctness by filing suit for a refund.  Flora v. United States, 357 U.S. 63, 78

10   (1958); Ryskamp v. Comm'r, 797 F.3d 1142, 1151 (D.C. Cir. 2015).  Unless a plaintiff complies

11   with this condition precedent, a district court does not have jurisdiction to hear the case.  Id.

12           By continuing to assert that his assessments should be zero dollars and by alleging that

13   garnishment of his unpaid tax debt is continuing, the FAC indicates that plaintiff has not paid the

14   tax deficiencies at issue.  (See ECF No. 21 at 1, 10.)  Thus, the court lacks subject matter

15   jurisdiction regarding plaintiff's claim to the extent he seeks a refund.

16                       3.   *Claim for damages*

17           Construed liberally, the FAC may be alleging that the IRS's assessment and collection

18   actions violated the law, entitling plaintiff to damages under 26 U.S.C. §§ 7432 or 7433.  Those

19   sections of the tax code waive the sovereign immunity of the United States with regard to civil

20   actions for damages where any officer or employee of the IRS knowingly or negligently fails to

21   release a lien on the property of the taxpayer (§ 7432), or recklessly, intentionally, or negligently

22   disregards any provision of the tax code in connection with a collection of federal tax with respect

23   to a taxpayer (§ 7433).  Both provisions require a plaintiff to exhaust administrative remedies

24   before filing suit.  See 26 U.S.C. §§ 7432(d)(1), and 7433(d)(1); Conforte v. United States, 979

25   F.2d 1375, 1377 (9th Cir. 1992) (district court lacked jurisdiction to hear action under § 7433

26   without exhaustion of administrative remedies).  And both specify that an action for damages

27   "may be brought only within 2 years after the date the right of action accrues."  Id. §§ 7432(d)(3),

28   7433(d)(3).

1   The only suggestion that plaintiff may be seeking damages is the Civil Cover Sheet filed

2   with the original complaint, which references "Declaratory relief & damages" and states a

3   demand of $77,000.  (ECF No. 1.1.)  The FAC contains no explanation for why plaintiff might be

4   seeking this amount.  Nor does it contain factual allegations of misconduct by an IRS officer or

5   employee.  Most critically, however, the FAC does not establish that plaintiff has "exhausted the

6   administrative remedies available to [him] within the Internal Revenue Service."  26 U.S.C.

7   § 7433(d)(1).  The Ninth Circuit has reaffirmed the principle that under section 7433 a plaintiff

8   must "allege facts sufficient to show that he pursued an administrative claim before filing his

9   action."  Joseph v. United States, 517 F. App'x 543, 543 (9th Cir. 2013).

10   What little plaintiff has added to the FAC seems to be an attempt at addressing this same

11   deficiency noted in the court's prior order of dismissal.  Plaintiff now alleges that he has

12   "exhausted administrative remedies on 2 occasions" prior to filing this suit.  (ECF No. 21 at 4,

13   ¶ 13.)  Plaintiff attaches to the FAC the same set of letters attached to his original complaint,

14   which were purportedly sent to the IRS (id. at 12-22), plus one new letter dated January 20, 2020,

15   regarding assessments from 2014 through 2018 (id. at 23-31).  Defendant attaches to its motion to

16   dismiss the two administrative claims plaintiff is referencing.  (ECF Nos. 22.2, 22.3.)  The first is

17   a letter entitled "Notice of Administrative Claim," dated August 2, 2012, asserting numerous

18   unlawful collection actions under § 7433 from 2009 through 2012.  (ECF No. 22.2.)  The second

19   is the same January 20, 2020 letter attached to the FAC.[4]  (ECF No. 22.3.)

20   While the 2012 administrative claim might demonstrate exhaustion of the 2009-2012

21   damages claims, the court still lacks jurisdiction over such damages claims because plaintiff did

22   not file this suit until February 2020, far beyond the two-year statute of limitations.  See 26

23   U.S.C. §§ 7432(d)(3), 7433(d)(3).

24   _____

25   [4]The court takes judicial notice of the January 2020 letter as a document attached to the
    complaint.  See U.S. v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) (courts may consider, among

26   other things, documents attached to the complaint without converting the motion to dismiss into a
    motion for summary judgment).  And while the government brings a primarily facial challenge to

27   jurisdiction, to the extent this motion includes a factual attack as to administrative exhaustion, the
    court may consider the 2012 Administrative Claim (ECF No. 22.2) in determining whether

28   jurisdiction exists.  See Safe Air for Everyone, 373 F.3d at 1039.

As to the January 2020 letter, plaintiff's failure to comply with the governing exhaustion regulation, both procedurally and substantively, prevents that letter from supporting jurisdiction over damages claims.  To exhaust administrative remedies for § 7433 claims, the relevant regulation requires a taxpayer to submit a written claim to the director of the district in which the taxpayer resides, including the following information:  (i) the taxpayer's contact information and convenient times to be contacted; (ii) the grounds, in reasonable detail, for the claim; (iii) a description of the taxpayer's claimed injuries and any substantiating documentation; (iv) the dollar amount of the claim; and (v) the signature of the taxpayer or a duly authorized representative.  26 C.F.R. § 301.7433-1(e).  A lawsuit may not be filed in a district court until the date of the IRS's decision on the administrative claim or six months after the filing date of the administrative claim, whichever is earlier.  26 C.F.R. § 301.7433-1(d)(1).

First, if the letter was indeed sent to the IRS on January 20, 2020 (which the court rather doubts because the letter refers to a January 25, 2020 appeal to a local IRS appeals office (ECF No. 21 at 24)), plaintiff filed suit just 17 days thereafter—violating § 301.7433-1(d)(1)'s six-month waiting period and thereby depriving the IRS of an opportunity to resolve his claim administratively.  Second, in substance, the January 2020 letter contains no description or estimation of any injuries plaintiff suffered as a result of any unlawful collection efforts.  See 26 C.F.R. § 301.7433-1(e)(2)(iii)-(iv).  Indeed, the January 2020 letter includes no request for damages—under § 7433, or any other statute—at all and reads more as a final demand letter for the IRS to respond to plaintiff's earlier communications.[5]  Accordingly, the FAC still fails to establish this court's jurisdiction over any claims for damages.

4.   *Claims for declaratory relief (Declaratory Judgment Act)*

In contrast to the barely identifiable claim for damages, the FAC clearly requests numerous forms of declaratory relief.  (See ECF No. 21 at 7-9 (requesting determinations that

---

[5] As the government points out, this letter mostly consists of standard tax defier arguments that plaintiff cannot owe any tax debt because he did not profit from his work during the years in question and there exists no contract between him and the U.S. government.  (See, e.g., ECF No. 21 at 27 ("I unconditionally promise to settle this matter and pay or accept whatever you may present as an original from the Originator of and holder of the actual agreement (promise and note) that I tendered.").)

8

1  plaintiff's income is not taxable, that the notices of deficiency/determination were "wrong," and

2  that garnishment was improper).).  Such relief is barred, however, by the Declaratory Judgment

3  Act, which prohibits granting declaratory relief "with respect to federal taxes." 28 U.S.C.

4  § 2201(a); Latch v. United States, 842 F.2d 1031, 1033 (9th Cir.1988) ("[A] federal district court

5  may not entertain a declaratory judgment action 'with respect to federal taxes.'"). "The purpose

6  of the federal tax exception to the Declaratory Judgment Act is to protect the government's ability

7  to assess and collect taxes free from pre-enforcement judicial interference, and to require that

8  disputes be resolved in a suit for refund."  State of California v. Regan, 641 F.2d 721, 722 (9th

9  Cir. 1981).  None of the exceptions to the general rule barring declaratory relief involving federal

10  taxes applies to this case.  See id. at 723.  To the extent the FAC can be read as contesting the

11  IRS's purported lack of communication regarding the disputed assessments, that does not change

12  the fact that "[t]he real issue here is . . . whether the [plaintiff] ha[s] to pay [his] taxes."  Hughes

13  v. United States, 953 F.2d 531, 537 n.3 (9th Cir. 1992) (rejecting plaintiffs' attempt to construe

14  their suit as a due process action, not a tax-based action, and thus not barred by § 2201).  Cases

15  like this one seek precisely the type of relief that the Declaratory Judgment Act prohibits.

16  5.  *Claim for injunctive relief (Anti-Injunction Act)*

17  The FAC's request for an injunction preventing the IRS from continuing to garnish his

18  wages, or otherwise enjoin IRS efforts to collect the taxes allegedly owed, is also barred.  The

19  Anti-Injunction Act states that "no suit for the purpose of restraining the assessment or collection

20  of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a).  The Act exists

21  to "permit the United States to assess and collect taxes alleged to be due without judicial

22  intervention."  Enochs v. Williams Packing & Nav. Co., 370 U.S. 1, 7 (1962).  While there are

23  numerous exceptions to the Act, see 26 U.S.C. § 7421(a), none apply to the facts contained in

24  plaintiff's complaint, and despite being advised of this limitation in the prior dismissal order,

25  plaintiff has not directed the court to any exception.  Thus, plaintiff's request to enjoin the United

26  States cannot proceed.

27  ////

28  ////

9

**C.**     ***The FAC Fails to Otherwise Establish this Court's Jurisdiction***

None of the other causes of action the FAC could be construed as asserting provide jurisdiction over this action.

1.     *The Administrative Procedure Act*

The FAC also attempts to frame this action as challenging the IRS's various "determinations" as an agency's final administrative action, over which this court would have jurisdiction under the Administrative Procedure Act ("APA"). (See ECF No. 21 ¶¶ 12, 19(b), 25, 27.) As a general matter, the APA does not create an independent basis for jurisdiction or waive sovereign immunity where the collection of taxes is challenged, Lonsdale v. United States, 919 F.2d 1440, 1444 (10th Cir.1990), and the APA's limited waiver of sovereign immunity does not override the bar to relief in tax cases mandated by the Declaratory Judgment Act and the Anti–Injunction Act, discussed above. Hughes, 953 F.2d at 537; see also Clapp v. Commissioner, 875 F.2d 1396 (9th Cir. 1989) (deficiency determination is not reviewable under the APA because it is reviewable de novo by the Tax Court).

Plaintiff cites only section 706 of the APA, which establishes the scope of judicial review of agency actions, but section 702 governs the right to APA review in the first instance. See 5 U.S.C. § 702. "Section 702 waives the government's sovereign immunity, and thus permits the exercise of jurisdiction, in actions seeking non-monetary relief with respect to agency action." Hughes, 953 F.2d at 537. The section, however, specifies that it does not "confer[] authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." 5 U.S.C. § 702. The Ninth Circuit has held that "the limited waiver of 5 U.S.C. § 702 does not override the limitations of § 7421 [the Anti-Injunction Act] and § 2201 [the Declaratory Judgment Act]." Hughes, 953 F.2d at 537.

Plaintiff's only basis for asserting APA jurisdiction is that he seeks judicial review of "a final administrative determination that the Tax court has no authority over because IRS is exploiting loopholes that prevent review by the tax court." (ECF No. 21 at 7.) At certain points in the FAC and in his opposition, plaintiff indicates that he has attempted to bring the present action in the Tax Court and been turned away. (See ECF No. 21 at 5 ("Plaintiff is left with only

1   one option, sue them in the Court of Tax Appeals who said go to the District Court . . . ."); ECF

2   No. 24 at 5 (referencing an "original tax Court petition below already dismissed for lack of

3   jurisdiction in the tax court").)[6]  But simply alleging a general lack of success at the Tax Court is

4   not sufficient to establish this court's jurisdiction over the matter.[7]

5                              2.      *The Privacy Act*

6          At several points, the FAC obliquely references purported violations of the Privacy Act.[8]

7   (ECF No. 21 ¶¶ 1, 12, 23.)  But—again, as pointed out in the prior dismissal order—the Privacy

8   Act also does not provide this court with jurisdiction because it does not apply to determinations

9   of potential tax liabilities.  See England v. Comm'r, 798 F.2d 350, 352 (9th Cir. 1986) (holding

10  that a district court properly dismissed a claim that was premised on the Privacy Act because the

11  claim had "a direct relationship to the determination of . . . his tax liability" and was therefore

12  precluded by 26 U.S.C. § 7852(e)).

13                             3.      *Bivens / The First Amendment*

14         Finally, the FAC includes a few scattered references to the First Amendment.  (See ECF

15  No. 21 ¶ 14 (stating that IRS "rule[s] with impunity" in a manner "violating 1st amendment

16  rights), ¶ 27 (seeking remand to agency to address its "disregard of 1st amendment and due

17  process rights").)  Plaintiff's opposition indicates that these "possible" First Amendment issues

18  are tied to his Privacy Act claim.  (See ECF No. 24 at 2, 3 (seeking removal of "offending reports

19  and information"), 4, 11 (referencing "1st amendment accurate records requirements restricting

20  false harmful speech").).

21  _____

22  [6] Plaintiff does not provide a copy of any prior Tax Court decision or otherwise explain the
    purported directive to file suit in this court.  Plaintiff states that his prior Tax Court petition was

23  attached to his original complaint filed in this court (ECF No. 24 at 5), but the undersigned has
    located no such exhibit in the record.

24
    [7] To the extent plaintiff is seeking through this suit to ascertain the basis for the IRS's calculation

25  of its tax assessments and a current accounting of his liabilities, the court hopes that the
    documents provided and telephone conversation conducted with him by the government has

26  clarified the state of plaintiff's tax obligations.

27
    [8] Although the FAC contains no citation, plaintiff's opposition confirms that he is referring to

28  5 U.S.C. § 552a.

11

1    Even generously construing the FAC to assert a <u>Bivens</u> action[9] for First Amendment

2 violations, the court would lack jurisdiction over such a claim because the FAC names as

3 defendants the IRS and certain IRS employees in their official capacity.  (<u>See</u> ECF No. 21 at 1

4 (naming the IRS Commissioner and Chief Records Systems Manager by title only).)  Thus, any

5 First Amendment claim would be directed against the United States, and the United States has not

6 waived its sovereign immunity for standalone constitutional claims.  <u>F.D.I.C. v. Meyer</u>, 510 U.S.

7 471, 484–85 (1994); <u>see also</u> <u>Ruiz-Rivera v. I.R.S.</u>, 93 Fed. Appx. 244, 246 (1st Cir. 2004) (citing

8 <u>Meyer</u>) ("constitutional claims against the IRS, a federal agency, are plainly barred").[10]

9    **IV.    <u>CONCLUSION</u>**

10    In sum, plaintiff has failed to provide a basis for jurisdiction or demonstrate a waiver of

11 the government's sovereign immunity.  Plaintiff was advised of nearly all of the deficiencies

12 discussed above in the court's prior order of dismissal.  (ECF No. 18.)  Rather than addressing

13 these issues by clarifying his claims, plaintiff filed a largely identical amended complaint.  This

14 convinces the court that plaintiff is unable to allege sufficient facts to establish this court's

15 jurisdiction over the case and that further leave to amend would be futile.  Accordingly, the court

16 recommends dismissing the case without leave to amend.  <u>See</u> <u>Hartmann v. California Dep't of</u>

17 <u>Corr. & Rehab.</u>, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend

18 when amendment would be futile.").  Because the undersigned recommends dismissing for lack

19 of subject matter jurisdiction, however, the dismissal should be "without prejudice."  <u>Kelly v.</u>

20

21    [9] A <u>Bivens</u> action is an action that allows an individual to sue a federal employee for damages for
violating an individual's constitutional rights. <u>Bivens v. Six Unknown Agents of Federal Bureau</u>

22 <u>of Narcotics</u>, 403 U.S. 388 (1971).

23    [10] Moreover, even if the court had jurisdiction, any contention that the government violated
plaintiff's First Amendment rights by listing him as a delinquent tax payer (<u>see</u> ECF No. 21 ¶ 23)

24 would necessarily fail to state a claim for relief because the First Amendment's Free Speech
protections do not apply to the government's own speech.  <u>See</u> <u>Johanns v. Livestock Marketing</u>

25 <u>Assn.</u>, 544 U.S. 550, 553 (2005) ("[T]he Government's own speech . . . is exempt from First
Amendment scrutiny."); <u>Delano Farms Co. v. California Table Grape Comm'n</u>, 586 F.3d 1219,

26 1224 (9th Cir. 2009) (stating that governmental speech is "immune from constitutional challenge,
because the government is not required to be impartial when speaking, as long as its speech is

27 consistent with the Establishment and Equal Protection clauses").

28

1 | Fleetwood Enters., Inc., 377 F.3d 1034, 1036 (9th Cir. 2004).

2 |        For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

3 |   1.  Defendant's motion to dismiss (ECF No. 22) be GRANTED:

4 |   2.  This action be DISMISSED without prejudice, and without leave to amend; and

5 |   3.  The Clerk of Court be directed to close this case.

6 |        These findings and recommendations are submitted to the United States District Judge

7 | assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days

8 | after being served with these findings and recommendations, any party may file written objections

9 | with the court and serve a copy on all parties.  Such a document should be captioned "Objections

10 | to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served

11 | on all parties and filed with the court within fourteen (14) days after service of the objections.  The

12 | parties are advised that failure to file objections within the specified time may waive the right to

13 | appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez

14 | v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

15 | Dated:  January 24, 2021

16 |

17 | KENDALL J. NEWMAN
   | UNITED STATES MAGISTRATE JUDGE

18 |

19 |

20 |

21 | 0278.greek

13